# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION AT LAFAYETTE

| | | |
|---|---|---|
| EDWARD GAETA, | ) | |
|     Plaintiff, | ) | |
| | ) | |
|     v. | ) | CAUSE NO.: 4:16-CV-58-JVB-JEM |
| | ) | |
| MERCER BELANGER, P.C., | ) | |
|     Defendant. | ) | |

## OPINION AND ORDER

This matter is before the Court on Plaintiff's "Motion to Strike 'Defendant's Motion to Dismiss Complaint and for Summary Judgment Pursuant to Fed. Civil Rule 12(d)' or, in the Alternative, Motion to Exclude Matters Outside of the Pleadings" [DE 13], filed by Plaintiff on September 6, 2016.

Defendant responded on September 19, 2016 [DE 17]. Plaintiff has not replied, and the time to do so has passed.

**I.  Background**

Plaintiff sued Defendant in state court in July 2016, alleging various violations of the Fair Debt Collection Practices Act. Defendant removed the case to federal court.

Defendant's deadline to respond to the complaint was September 2, 2016. On that date, Defendant met his deadline by filing a "Motion to Dismiss Complaint and for Summary Judgment Pursuant to Fed. Civil Rule 12(d)" [DE 11].

Plaintiff now asks the Court to strike Defendant's motion. Plaintiff says Defendant's motion: (1) violates Local Rule 7-1 by being "two motions in one"; (2) violates the Federal Rules of Civil Procedure by purporting to allow Defendant to avoid filing a responsive pleading; and (3) improperly presents matters that are not contained in Plaintiff's complaint.

In the alternative, Plaintiff asks the Court simply to exclude the outside matters presented in Defendant's motion.

## II. Analysis

### A. The motion to strike

The Federal Rules of Civil Procedure address striking pleadings and parts of pleadings, not motions. *See* Fed. R. Civ. P. 12(f) ("The court may strike from a pleading . . ."); *Centrifugal Acquisition Corp. v. Moon*, No. 09-327, 2010 U.S. Dist. LEXIS 7684, *3 (E.D. Wisc. Jan. 14, 2010) ("Motions to strike apply to pleadings, not motions."). Nonetheless, the Court will address the issues Plaintiff has raised.

#### 1. Local Rule 7-1

Plaintiff argues that Defendant's motion violates Local Rule 7-1(a), which requires motions to be filed separately. N.D. Ind. L.R. 7-1(a). The Rule's only exception is that "alternative" motions may be filed in a single document, but Plaintiff says that Defendant has not filed "alternative" motions because Defendant's motion is styled as a "Motion to Dismiss Complaint *and* for Summary Judgment," not a "Motion to Dismiss Complaint *or* for Summary Judgment" (emphasis added).

But Federal Rule of Civil Procedure 12(d), which Defendant's motion directly cites, expressly instructs the Court to treat a Rule 12(b)(6) motion to dismiss *as* a Rule 56 motion for summary judgment if the motion presents matters outside the pleadings and if the Court does not exclude those matters. So while the motion's title uses the word "and," the motion's substance requires the Court to infer the word "or." In other words, the Court has a choice between excluding the outside matter and treating the motion as a Rule 12(b)(6) motion to dismiss, or considering the outside matter and treating the motion as a Rule 56 motion for summary judgment. *See* Fed. R. Civ.

P. 12(d). So despite the possibly misleading title, Defendant's motion does not violate Local Rule 7-1.

### 2. The Federal Rules of Civil Procedure

Plaintiff also argues that Defendant's motion violates the Federal Rules of Civil Procedure by allowing Defendant to avoid responding to Plaintiff's complaint as required by Rule 12(a). A Rule 12(b)(6) motion counts, of course, as a responsive pleading, but Plaintiff says that if the Court uses Rule 12(d) to treat Defendant's motion as a Rule 56 motion, then Defendant will have avoided responding to Plaintiff's complaint. *See Modrowski v. Pigatto*, 712 F.3d 1166, 1170 (7th Cir. 2013) ("While serving a Rule 12 motion tolls the deadline for a defendant to file an answer, filing a Rule 56 motion has no such effect.").

But Defendant has not filed a Rule 56 motion. Rather, he has filed a Rule 12(b)(6) motion that presents matters outside the pleadings, allowing the Court, in its discretion, to consider the outside matters and *treat* the Rule 12(b)(6) motion as a Rule 56 motion. *See* Fed. R. Civ. P. 12(d); *Taleyarkhan v. Purdue Univ.*, 837 F. Supp. 2d 965, 969 (N.D. Ind. 2011). That is simply how Rule 12(d) operates. And indeed, Plaintiff admits that, should the Court treat Defendant's motion as a Rule 56 motion for summary judgment, a promptly filed answer would solve the problem.

In short, the Court finds no violation of the Federal Rules of Civil Procedure here.

### 3. Matters outside the pleadings

Plaintiff also argues that Defendant's motion improperly presents matters not contained in Plaintiff's complaint. But again, Rule 12(d) expressly contemplates this possibility and instructs that if the Court considers "matters outside the pleadings" in connection with a Rule 12(b)(6) motion, the Court "must" treat the motion as a summary judgment motion under Rule 56. *See* Fed. R. Civ.

P. 12(d). Here, Defendant has simply filed a Rule 12(b)(6) motion and presented matters outside the pleadings in the hope that the Court will consider the outside matters and treat the motion as a Rule 56 motion. The Court finds no procedural error.

### B. The motion to exclude

Plaintiff argues in the alternative that, if the Court does not treat Defendant's motion as a summary judgment motion, then the Court should exclude the outside matters the motion presents.

Plaintiff is correct that Judge Van Bokkelen may elect not to treat Defendant's motion as a summary judgment motion, in which case he would exclude the outside matters presented in the motion. *Taleyarkhan*, 837 F. Supp. 2d at 969.

Conversely, Judge Van Bokkelen might decide to consider the outside matters. Plaintiff's response to Defendant's motion [DE 18] treats the motion as a motion to dismiss, so if Judge Van Bokkelen treats Defendant's motion as a summary judgment motion, it would be necessary to give Plaintiff "a reasonable opportunity" to present any pertinent material. Fed. R. Civ. P. 12(d). But the decision is Judge Van Bokkelen's, so the Court declines to exclude the outside matters at this time.

### III. Conclusion

For the reasons above, the Court **DENIES** Plaintiff's "Motion to Strike 'Defendant's Motion to Dismiss Complaint and for Summary Judgment Pursuant to Fed. Civil Rule 12(d)' or, in the Alternative, Motion to Exclude Matters Outside of the Pleadings" [DE 13].

SO ORDERED this 27th day of October, 2016.

s/ John E. Martin
MAGISTRATE JUDGE JOHN E. MARTIN
UNITED STATES DISTRICT COURT

cc: All counsel of record