**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**HAMMOND DIVISION AT LAFAYETTE**

| | | |
|---|---|---|
| EDWARD GAETA, | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO.:4:16-CV-58-JVB-JEM |
| | ) | |
| MERCER BELANGER PROFESSIONAL | ) | |
| CORPORATION, | ) | |
|     Defendant. | ) | |

**OPINION AND ORDER**

This matter is before the Court on Plaintiff's Motion to Strike [DE 34], filed by Plaintiff on September 12, 2017. Plaintiff requests that the Court strike certain paragraphs of Defendant's Answer as impermissible, qualified denials and strike several affirmative defenses as insufficient. Defendant has not filed a response and the time to do so has passed.

**I.  Standard of Review**

Federal Rule of Civil Procedure 12(f) provides that a "court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Motions to strike are generally disfavored, but when striking portions of a pleading "remove[s] unnecessary clutter from the case," the motion may "serve to expedite, not delay." *Heller v. Midwhey Powder Co., Inc.*, 883 F.2d 1286, 1294 (7th Cir. 1989). Ultimately, whether to strike material under Rule 12(f) is within the sound discretion of the court. *Talbot v. Robert Matthews Distrib. Co.*, 961 F.2d 654, 665 (7th Cir. 1992). Affirmative defenses that "present substantial questions of law or fact" will not be stricken. *United States v. 416.81 Acres of Land*, 514 F.2d 627, 631 (7th Cir. 1975). Accordingly, motions to strike affirmative defenses "will not be granted unless it appears to a certainty that plaintiffs would succeed despite any state of facts which could be proved in support of the defense." *Williams v. Jader Fuel Co.*, 944 F.2d 1388, 1400 (7th Cir. 1991).

However, because affirmative defenses are pleadings, they must meet all pleading requirements of the Federal Rules of Civil Procedure, including "set[ting] forth a 'short and plain statement' of the defense." *Heller*, 883 F.2d at 1294 (quoting Fed. R. Civ. P. 8(a)). "[B]are bones conclusory allegations" which "omit[] any short and plain statement of facts and fail[] totally to allege the necessary elements of the alleged claims" will not meet this standard and may be stricken. *Id.* at 1295. Ultimately, whether to strike material under Rule 12(f) is within the sound discretion of the court. *Talbot v. Robert Matthews Distrib. Co.*, 961 F.2d 654, 665 (7th Cir. 1992).

## II. Analysis

Plaintiff argues that the Court should strike a number of paragraphs of Defendant's Answer and several of its affirmative defenses.

### A. <u>Answer</u>

Plaintiff argues that Defendant's responses to the Complaint in paragraphs 12, 13, 31, 45, and 53 are impermissible qualified denials. Each of them states, "The allegations contained in rhetorical paragraph [x] of plaintiff's complaint set forth a legal conclusion to which no response is required. To the extent any response is required, the allegation is expressly denied." Rule 8(b) addresses responsive pleadings and requires a denial to "fairly respond to the substances of the allegation." Fed. R. Civ. P. 8(b)(2). If a party "does not intend to deny all the allegations," they "must either specifically deny designated allegations or generally deny all except those specifically admitted," and if denying "only part of an allegation must admit the part that is true and deny the rest." Fed. R. Civ. P. 8(b)(3), (4). Furthermore, Rule 8 provides that "[a] party that lacks knowledge or information sufficient to form a belief about the truth of an allegation must so state, and the statement has the effect of a denial." Fed. R Civ. P. 8(b)(5). Other courts addressing "to the extent that" language in responses have similarly concluded that they do not meet the pleading

requirements of Rule 8. *Trustees of Auto. Mechanics Local No. 701 Pension & Welfare Funds v. Union Bank of California, N.A.*, No. 08 C 7217, 2009 WL 4668580, at *1 (N.D. Ill. Dec. 2, 2009) ("'[T]o the extent' is a telltale tipoff that [the defendant] has failed to comply with the notice pleading requirements that the federal system imposes on defendants as well as plaintiffs."); *Reis Robotics USA, Inc. v. Concept Indus., Inc.*, 462 F. Supp. 2d 897, 907 (N.D. Ill. 2006) ("Upon review, the Court concludes that the above language [denying allegations "to the extent that"] does not constitute an admission or denial of [the plaintiff]'s allegations as required by Rule 8; instead the language is equivocal and serves to confuse the issues that are in dispute."). Defendants have not filed a response or otherwise objected to the request to strike. Because there is no way for the Court to determine what facts Defendants are actually admitting or denying, striking the answers to paragraphs 12, 13, 31, 45, and 53 is appropriate.

B. Affirmative Defenses

Plaintiff also argues that a number of Defendant's affirmative defenses should be stricken. Defendant's first affirmative defense is simple statement that the "complaint fails to state a claim upon which relief can be granted." Defendant argues that this is a boilerplate defense and insufficient as pled. However, the former Federal Rule of Civil Procedure 84, now abrogated, and the accompanying Form 30 in the Appendix to the Rules, explicitly provided for this affirmative defense. *See Kimbrew v. Advocate Health & Hosps. Corp.*, No. 10 C 4531, 2010 WL 5135908, at *1 (N.D. Ill. Dec. 8, 2010) (declining to strike on the grounds that "[the] first defense, however, follows the form set forth in the Federal Rules of Civil Procedure") (citing Fed. R. Civ. P. Form 30); *Leon v. Jacobson Transp. Co.*, No. 10 C 4939, 2010 WL 4810600, at *2 (N.D. Ill. Nov. 19, 2010) ("[T]his language is specifically listed in Form 30, and Rule 84 explicitly states that the Forms

3

'suffice' under the rules."). Although Plaintiff is correct that the is boilerplate and lacks any specific information, it does meet the Rule 8 pleading standard and will not be stricken.

Plaintiff also argues that Defendant's sixth, seventh, and eighth defenses should be stricken. These defenses all refer to Duran L. Keller, one of Plaintiff's attorneys. Defendant's sixth and seventh defense are that Defendant had a good faith belief that Plaintiff was not represented by counsel because of unspecified actions or statements by Keller, and the eight defense states: "Duran L. Keller is named as a 'nonparty' in this action pursuant to Ind. Code § 34-51-2-16." Plaintiff argues that these are all boilerplate assertions unconnected to the underlying case, without any facts, that fail to appraise the Court or the parties of the circumstances of a defense under Rule 8(c). Plaintiff also argues that allowing this defense may affect Plaintiff's ability to be represented by the counsel of his choice. Defendant has not responded to the instant Motion, and, absent factual information or identifiable applicable legal doctrine, these defenses will be stricken as impermissibly conclusory. If Defendant is attempting to join Durant as a necessary party or to bring a counter-claim against him, he may seek leave of Court to do so.

Plaintiff also seeks to have Defendant's tenth affirmative defense stricken. It is a general denial of Plaintiff's allegations, without specificity, and, as Defendant responded to each of Plaintiff's numbered claims, is stricken as unnecessary clutter.

### III. Conclusion

For the foregoing reasons, the Court hereby **GRANTS in part** Plaintiff's Motion to Strike

[DE 34] and **ORDERS** that Defendant's answers to paragraphs 12, 13, 31, 45, and 53, and its sixth, seventh, eighth, and tenth affirmative defenses are hereby **STRICKEN**.

SO ORDERED this 13th day of October, 2017.

s/ John E. Martin
MAGISTRATE JUDGE JOHN E. MARTIN
UNITED STATES DISTRICT COURT

cc: All counsel of record