# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION AT LAFAYETTE

EDWARD GAETA,  )
       Plaintiff,  )
         )
v.  )    CAUSE NO.:4:16-CV-58-JVB-JEM
         )
MERCER BELANGER, P.C.,  )
       Defendant.  )

## OPINION AND ORDER

This matter is before the Court on Plaintiff's Fee Petition [DE 49], filed July 24, 2018. On July 11, 2018, at a hearing on the motion, the Court grated Plaintiff's Motion to Compel Production of Documents and set a briefing schedule for the attorney's fees incurred in filing the motion. On July 24, 2018, Defendant filed the instant petition requesting $2,717.00 in attorney's fees. Plaintiff filed a response objecting to the request on August 8, 2018, and on August 17, 2018, Defendant filed a reply, adding an additional $633.50 in fees expended in completing that brief.

Rule 37 provides that, if a motion to compel is granted, the Court "must, after giving the opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees" unless "the movant filed the motion before attempting in good faith to obtain" the requested discovery, "the opposing party's nondisclosure . . . was substantially justified; or . . . other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(a)(5)(A). District courts possess wide latitude in evaluating the reasonableness of requested attorney fees and costs. *Johnson v. Kakvand*, 192 F.3d 656, 661 (7th Cir. 1999).

Plaintiff's Motion to Compel was granted, so it is up to Defendant to demonstrate that its nondisclosure was substantially justified or other circumstances make an award of attorneys' fees

unjust. Defendant argues that its failure to timely serve the discovery was substantially justified because the requested discovery was voluminous and there is no record that it was trying to evade discovery. Instead, Defendant argues that it repeatedly told Plaintiff that discovery was taking a long time because of the labor and time required in assembling it. However, as Plaintiff points out, Defendant never petitioned the Court for an extension of the discovery deadlines, although Plaintiff moved several times for an extension of Court-ordered deadlines and had to reschedule depositions because of the delays. Defendant also argues that Plaintiff has not been prejudiced by the delay in responding to discovery since there has not been a dispositive motion deadline or trial date set. In addition to the cost, both in money and time, of rescheduling depositions, Plaintiff has also been unable to gather the proof it needs to defend against a motion for summary judgment or otherwise prosecute the case. In short, Plaintiff was patient with Defendant's delay and attempted to obtain the needed discovery before obtaining court intervention, and Defendant has not demonstrated that the nondisclosure was justified or other circumstances make the award of fees unjust.

Defendant also argues about the amount of fees requested. As the Supreme Court has explained,"the most useful starting point for court determination of the amount of a reasonable fee payable by the loser is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate," known as the "lodestar." *Gisbrecht v. Barnhart*, 535 U.S. 789, 801-02 (2002) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)) (quotation and other marks omitted). For preparation of the initial brief, reply, and the briefing on the attorney fees, as well as communication with counsel for Defendant about the dispute, Plaintiff requests 7.8 attorney hours at $350 per hour and 1.7 attorney hours at $365 per hour, for a total of $3350.50. Defendant does not challenge the hourly rates, but argues that the brief should not have taken as long as claimed to

draft and that an hour of time in preparing an affidavit of fees is excessive. Plaintiff asserts that spending 1.09 hours drafting the motion to compel is reasonable, and explains that preparing the affidavit required 1.14 hours to review the billing, explain the time entries, and tailor the document to the needs of the case. In total, both attorneys spent less than 10 hours drafting four briefs, including analyzing Defendant's responses, and preparing affidavits. The Court agrees that this expenditure is reasonable in this particular case.

For the foregoing reasons, the Court hereby approves and **GRANTS** the Plaintiff's Fee Petition [DE 49], and **ORDERS** Defendant to reimburse Plaintiff in the sum of $3350.50 in attorney fees within a reasonable time.

SO ORDERED this 27th day of November, 2018.

                                          s/ John E. Martin
                                          MAGISTRATE JUDGE JOHN E. MARTIN
                                          UNITED STATES DISTRICT COURT

cc:     All counsel of record