UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION AT LAFAYETTE

| | |
|---|---|
| EDWARD GAETA,       ) | |
|     Plaintiff,       ) | |
| ) | |
| v.       ) | CAUSE NO.: 4:16-CV-58-JEM |
| ) | |
| MERCER BELANGER, P.C.,       ) | |
|     Defendant.       ) | |

**OPINION AND ORDER**

This matter is before the Court on Plaintiff's Motion for Reconsideration of the Court's Summary Judgment Opinion [110]-[110-1] [DE 112] and Plaintiff's Motion for Reconsideration of the Court's Order for Plaintiff to Brief Standing [111] [DE 114], both filed August 25, 2021. Plaintiff moves for reconsideration of the Court's Opinion and Order granting in part Defendant's motion for summary judgment and requests that the matter be remanded to state court with Defendant ordered to pay Plaintiff's attorney fees.

**I.     Procedural Background**

Defendant law firm represented Huntington National Bank in state court foreclosure actions against Plaintiff for default on a note secured by a mortgage. The initial foreclosure action was filed on November 15, 2015, and dismissed without prejudice on February 22, 2016. On approximately March 22, 2016, Defendant sent a dunning letter to Plaintiff conveying information regarding the debt, and a second foreclosure on the mortgage and note was filed on April 8, 2016. On July 12, 2016, Plaintiff filed a Complaint in state court claiming that Defendant violated the Fair Debt Collections Practice Act, 15. U.S.C. § 1692 *et seq*. (FDCPA), in the letter it sent to Plaintiff and through the subsequent complaint for foreclosure, and it was removed to this Court on July 29, 2016.

1

The instant case was stayed for about two years while the foreclosure action was pending. After the trial court granted the foreclosure on the mortgage and note, Plaintiff appealed. On June 24, 2019, the Indiana Court of Appeals ruled that execution for foreclosure on the mortgage was improper due to non-compliance with certain regulations but affirmed the money judgment against Plaintiff. At that time Defendant began proceedings to collect on the money judgment on behalf of Huntington, and Plaintiff again appealed. On February 23, 2021, the Indiana Court of Appeals affirmed the decision that Huntington was entitled to the entirety of the money judgment.

On August 11, 2021, the Court granted in part and took under advisement in part Defendant's motion for summary judgment, setting the matter for a hearing on whether Plaintiff has standing to pursue the claims in this Court. The hearing was held on August 16, 2021, and the Court ordered additional briefing. Plaintiff now moves the Court to reconsider its order on the motion for summary judgment and requests that he be relieved from the requirement to brief the issue of jurisdiction, with the case remanded to state court and Defendant ordered to pay Plaintiff's attorney fees. Defendant filed a combined response to both motions on September 8, 2021, and Plaintiff filed a reply on September 10, 2021. On September 15, 2021, Defendant was granted leave to file a surreply, which it filed on September 23, 2021.

The parties have filed forms of consent to have this case assigned to a United States Magistrate Judge to conduct all further proceedings and to order the entry of a final judgment in this case. Therefore, this Court has jurisdiction to decide this case pursuant to 28 U.S.C. § 636(c).

**II.     Standard**

Motions to reconsider, brought under either Rule 59 or 60, do not give a party the opportunity to rehash old arguments or to present new arguments "that could and should have been presented to

2

the district court prior to the judgment." *Moro v. Shell Oil Co.*, 91 F.3d 872, 876 (7th Cir. 1996) (citing *LB Credit Corp.*, 49 F.3d at 1267); *see also Caisse Nationale de Credit Agricole v. CBI Indus., Inc.*, 90 F.3d 1264, 1270 (7th Cir.1996) ("Reconsideration is not an appropriate forum for rehashing previously rejected arguments or arguing matters that could have been heard during the pendency of the previous motion."). Instead,

> a motion to reconsider is only appropriate where a court has misunderstood a party, where the court has made a decision outside the adversarial issues presented to the court by the parties, where the court has made an error of apprehension (not of reasoning), where a significant change in the law has occurred, or where significant new facts have been discovered.

*Broaddus v. Shields*, 665 F.3d 846, 860 (7th Cir. 2011) (overruled on other grounds by *Hill v. Tangherini*, 724 F.3d 965, 967 n.1 (7th Cir.2013)) (citing *Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990)). "Such problems [that are appropriate for reconsideration] rarely arise and the motion to reconsider should be equally rare." *Bank of Waunakee,* 906 F.2d at 1191 (quoting *Above the Belt, Inc. v. Mel Bohannan Roofing, Inc.*, 99 F.R.D. 99, 101 (E.D. Va.1983)).

**III.    Analysis**

Plaintiff argues that the Court misapplied the law by finding Defendant could not have known that foreclosure was unavailable to it when it filed the foreclosure action and that Defendant does not have a *bona fide* error defense for its actions. Plaintiff argues that the portion of the Opinion granting summary judgment should be vacated, and that the case be remanded to state court with attorney fees paid by Defendant. Defendant reasserts that Plaintiff does not have standing to sue on his FDCPA claims but argues that an award of fees is inappropriate.

The parties agree that the Court does not have jurisdiction over the claims alleged in Plaintiff's Complaint. The Court therefore does not have jurisdiction to address the arguments in the motion for reconsideration and will remand the action to state court. *See, e.g., Markovic v. United Collection Bureau Inc.*, No. 20-CV-1680-BHL, 2021 WL 842121, at *1-2 (E.D. Wis. Mar. 5, 2021) ("Regardless, the admitted absence of even an allegation of a legitimate injury in fact means that this Court cannot enter a dismissal on the merit. And the lack of subject matter jurisdiction requires a remand to state court. Whether a plaintiff who has not suffered an injury in fact can proceed in that forum under Wisconsin standing rules is for the state court to decide.") (citing *Brunett v. Convergent Outsourcing, Inc.*, 982 F.3d 1067 (7th Cir. 2020); *Gunn v. Thrasher, Buschmann & Voelkel, P.C.*, 982 F.3d 1069 (7th Cir. 2020); *Collier v. SP Plus Corp.*, 889 F.3d 894, 896 (7th Cir. 2018)).

Plaintiff argues that it is entitled to an award of costs and expenses, including attorney fees, pursuant to 28 U.S.C. § 1447(c), which provides that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." However, "absent unusual circumstances, attorney's fees should not be awarded when the removing party has an objectively reasonable basis for removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 136 (2005). Despite Plaintiff's argument that removal from state court caused delay, the Court notes that this case was stayed due to ongoing state court litigation and that case law regarding the lack of jurisdiction developed during the stay. *See Lott v. Pfizer, Inc.*, 492 F.3d 789, 793 (7th Cir. 2007) ("As a general rule, if, at the time the defendant filed his notice in federal court, clearly established law demonstrated that he had no basis for removal, then a district court should award a plaintiff his attorneys' fees. By contrast, if clearly established law did not foreclose a defendant's basis for removal, then a district court should not award attorneys' fees."). Defendant

4

had an objectively reasonable basis for removal at the time the case was removed, and the significant delay in this case was caused by the stay while Plaintiff appealed a series of state court decisions, not by removal to this Court. The Court will not award attorney fees in this case.

## IV.   Conclusion

For the foregoing reasons, the Court hereby **ORDERS** that this case is **REMANDED** to Tippecanoe County Circuit Court under cause number 79C01-1607-CT-110. The Court **DENIES as moot** Plaintiff's Motion for Reconsideration of the Court's Summary Judgment Opinion [110]-[110-1] [DE 112], Plaintiff's Motion for Reconsideration of the Court's Order for Plaintiff to Brief Standing [111] [DE 114] because this Court does not have jurisdiction over these claims, and **DENIES** Plaintiff's request for attorney fees and the Request for Hearing [DE 122] to address fees.

SO ORDERED this 28th day of October, 2021.

s/ John E. Martin
MAGISTRATE JUDGE JOHN E. MARTIN
UNITED STATES DISTRICT COURT

cc:   All counsel of record

5